J-S39042-16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| JASON NEUBOLD, | : | |
| | : | |
| Appellant | : | No. 343 MDA 2015 |

Appeal from the Judgment of Sentence February 3, 2015
in the Court of Common Pleas of Cumberland County
Criminal Division at No(s): CP-21-CR-0002446-2013

BEFORE:   STABILE, PLATT,* and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:                **FILED JULY 26, 2016**

Jason Neubold (Appellant) appeals from the February 3, 2015 judgment of sentence of nine to 23 months of imprisonment, followed by five years of probation, after he was convicted of crimes related to his possession of child pornography.  We affirm.

In December 2011, Appellant's roommate, Mark Travitz, reported to Hampden Township police that Appellant had child pornography on his computer.  Based upon Travitz's information, the police obtained a warrant to search Appellant's home.

> The search of [Appellant's] residence commenced at approximately 6:30 p.m. on December 12, 2011.  …  The [o]fficers assembled everyone in the kitchen and explained what would take place regarding the search. Initially, [Appellant] and the others were told that they could not walk around the house during the search but could go outside or remain.  [Appellant's] girlfriend and her two children were taken to a separate room

*Retired Senior Judge assigned to the Superior Court.

while Detective Cotton and Corporal Kevin Shaughnessy of Hampden Township conducted an interview with [Appellant].

[Appellant] sat down at the kitchen table, where he was given a copy of the search warrant. [Appellant] was told not only that he was free to leave, but also that he did not have to talk to the officers, to which he responded "I'm not going down for what others did." [Appellant] was asked about how pornography came to be in the house and [Appellant] explained that he used [a peer-to-peer file-sharing application called eMule] to download videos and music. When asked specifically about child pornography he responded that he "never intentionally downloaded these." At that point in the interview, approximately 7:15 p.m., the officers formally advised [Appellant] of his **Miranda**[1] rights. [Appellant] acknowledged that he understood his rights and continued to talk to the officers for approximately 30 more minutes.

During the entire interview [Appellant] was cooperative and did not appear to be agitated. Corporal Shaughnessy described the [conversation] as calm, casual and cooperative. After speaking to [Appellant], the officers retrieved the various items sought pursuant to the search warrant. …

Trial Court Opinion, 4/9/2014, at 1-3.

As a result, Appellant was charged with one count of dissemination of child pornography, 52 counts of possession of child pornography and one count of criminal use of a communication facility. The trial court denied Appellant's omnibus pretrial motion, by which he sought to suppress his statements to police and the evidence obtained from the search. Following a jury trial, Appellant was acquitted of the dissemination charge, and convicted on all of the other counts.

---

[1] **Miranda v. Arizona**, 384 U.S. 436 (1966).

On February 3, 2015, Appellant was sentenced as detailed above. He timely filed a notice of appeal, and both he and the trial court complied with Pa.R.A.P. 1925. Appellant presents seven[2] claims of error for this Court's review:

    I.    Did the trial court err in denying [Appellant's] motion to suppress physical evidence obtained from his residence following service of an unlawful search warrant?

    II.    Did the trial court err in denying [Appellant's] motion to suppress his statements obtained following service of an unlawful search warrant?

    III.    Did the trial court err in denying [Appellant's] motion to limit evidence presented at trial to the fifty-two (52) counts charged on the criminal information, rather than of 525 images of known child pornography found on his computer?

    IV.    Did the trial court err in denying [Appellant's] motion for mistrial, after the Commonwealth's witness gave testimony despite [] a limiting instruction given by the court precluding Commonwealth witnesses from offering testimony [a]s to the quantity of known images of child pornography?

    V.    Did the trial court abuse its discretion in permitting Commonwealth exhibit 56 to go out with the jury during deliberations when much of that report was not placed on record at trial?

    VI.    Did the trial court abuse its discretion in permitting Commonwealth exhibit [56] to go out with the jury during deliberations without first convening court and addressing the issue on record, with [Appellant] present, in violation

---

[2] We do not address Appellant's eighth question (regarding the Commonwealth's trial exhibit 64), as it was not included in his 1925(b) statement. **See Commonwealth v. Lord**, 719 A.2d 306, 309 (Pa. 1998) ("Any issues not raised in a 1925(b) statement will be deemed waived.").

of his rights to due process and to confront witnesses, pursuant to both the Pennsylvania and United States constitutions?

VII. Did the trial court abuse its discretion in permitting Commonwealth exhibit 58 to go out with the jury at their request when much of the report was not entered into the record at trial?

Appellant's Brief at 6-7 (unnecessary capitalization omitted).

With his first two issues, Appellant claims that the statements and evidence the police obtained from the search of his home should have been suppressed because the search warrant was not supported by probable cause. Appellant's Brief at 13-16.

We begin with a review of the applicable law.

[W]hen deciding whether to issue a search warrant, the task of the issuing authority is simply to make a practical, common-sense decision whether, given all of the circumstances set forth in the affidavit before him, including the veracity and basis of knowledge of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. However… with respect to a court that is reviewing an issuing authority's probable cause determination:

[the] reviewing court is not to conduct a *de novo* review of the issuing authority's probable cause determination, but is simply to determine whether or not there is substantial evidence in the record supporting the decision to issue a warrant…. In so doing, the reviewing court must accord deference to the issuing authority's probable cause determination, and must view the information offered to establish probable cause in a common-sense, non-technical manner.

*Commonwealth v. Gagliardi*, 128 A.3d 790, 794 (Pa. Super. 2015)

(internal quotation marks and citations omitted).

The affidavit of probable cause at issue, signed by Detective Nulty,

provides in relevant part as follows.

> On Sunday, December 11, 2011 Mark Travitz entered the Hampden Township Police station to report finding suspected child pornography on a computer and hard drive belonging to [Appellant]. The computer is located at 1575 Jerusalem Rd in Mechanicsburg.

> Travitz detailed that on December 9, 2011 he was speaking with Bobbi Troutman, [Appellant's] girlfriend, who suspected [Appellant] of viewing pornography on his computer. Troutman asked Travitz to confirm this by checking [Appellant's] computer.

> Travitz advised that he then looked on [Appellant's] computer which is located in the livingroom of the residence, in the right hand corner, on a brown computer desk; the computer is described as having a flat screen monitor and a black wireless mouse and keyboard.

> Travitz further advised [that] he logged into the computer under [Appellant's] account titled "Jason." Travitz performed a search on the C drive of the computer, specifically within the "Pictures and Videos" folder. Once in that folder, Travitz observed multiple sub-folders each identified with a female's name.

> Travitz first opened the sub-folder entitled "Bea" and observed a young female, estimated to be between 6 and 7 years of age, posing in adult lingerie. Upon further inspection, the pictures gradually depicted the female in less and less clothing. Travitz detailed that the photos appeared to be taken in a room with a professional backdrop; the female was alone in the pictures. Travitz then opened another sub-folder and found similar images of another young female. However this female was not wearing lingerie.

> Travitz then checked an external hard drive that was situated next to the computer; the hard drive was described as being shiny, black and newer in age. This hard drive also contained multiple sub-folders titled with female's names; due to the similarities with the folders on the computer, Travitz did not look at these photos.

N.T., 2/25/2014, Commonwealth's Exhibit 1 at 2.

Appellant contends that this affidavit of probable cause was deficient because it "exclusively utilized the testimony of Travitz," who was not a known informant and for whose accusations there was no corroborating evidence. *Id.* at 14. We disagree.

> Hearsay information is sufficient to form the basis of a search warrant as long as the issuing authority has been provided with sufficient information to make a neutral and detached decision about whether there is a fair probability that contraband or evidence of a crime will be found in a particular place. The duty of the reviewing court is simply to verify that the issuing magistrate had a substantial basis for concluding that probable cause existed. The uncorroborated hearsay of an unidentified informant may be accepted as a credible basis for issuing a search warrant if the affidavit of probable cause avers circumstances that support the conclusion that the informant was credible. In assessing an informant's reliability, **a presumption exists that the information is trustworthy when it has been provided by an identified witness**.

*Commonwealth v. Huntington*, 924 A.2d 1252, 1255 (Pa. Super. 2007) (internal quotation marks and citations omitted; emphasis added). *See also Commonwealth v. Weidenmoyer*, 539 A.2d 1291, 1295 (Pa. 1988) ("[W]here an informant is not a paid, unknown tipster but instead an identified eyewitness to a crime who voluntarily reports his observations to the police, the trustworthiness of such a person may be presumed.").

Travitz was an identified witness, and, thus, was presumed to be trustworthy. Travitz's information, accepted as true, was more than sufficient to establish a reasonable probability that child pornography would be found at Appellant's residence. Thus, the warrant was valid, and suppression of the fruits of the resultant search properly was denied. ***See***, ***e.g.***, ***Commonwealth v. Lyons***, 79 A.3d 1053, 1064 (Pa. 2013) (affirming denial of suppression motion based upon the failure of the affidavit to establish the credibility of an identified informant). Appellant is entitled to no relief on his first two issues.

Appellant's next two issues involve the jury's hearing about the full amount of child pornography found on Appellant's computer. First, he complains that the trial court should have granted his motion in limine to limit the evidence to the 52 counts charged, rather than allow the introduction of all 525 images recovered. Appellant's Brief at 17-18. Second, he contends that the trial court erred in denying his motion for a mistrial after a Commonwealth witness testified that there were "other images" beyond even those 525. ***Id.*** at 19-20.

> We review a trial court's decision to grant or deny a motion *in limine* with the same standard of review as admission of evidence at trial. With regard to the admission of evidence, we give the trial court broad discretion, and we will only reverse a trial court's decision to admit or deny evidence on a showing that the trial court clearly abused its discretion. An abuse of discretion is not merely an error in judgment, but an overriding misapplication of the law, or the exercise of judgment that is

manifestly unreasonable, or the result of bias, prejudice, ill-will or partiality, as shown by the evidence or the record.

**Commonwealth v. Flamer**, 53 A.3d 82, 86 (Pa. Super. 2012) (citations and quotation marks omitted).

The entirety of Appellant's argument regarding the motion *in limine* (*sans* his recitation of our standard of review) is as follows:

> In the instant case, the trial court erred when it denied [Appellant's] motion to limit evidence presented at trial to the fifty-two counts charged, and instead allowed the introduction of 525 images of known child pornography found on [Appellant's] computer into evidence. By denying [Appellant's] motion and permitting the Commonwealth to introduce 525 pictures of known child pornography into evidence, the trial court abused its discretion, as the prejudicial nature of the photographs far outweighed any probative value. Considering the nature of [Appellant's] alleged acts, and the fact that child pornography is a very sensitive issue, introducing over five hundred photos allegedly downloaded by [Appellant] had no probative value, and prejudiced the jury to the [Appellant's] case.

Appellant's Brief at 17-18 (absence of citations to authority in original).

The Commonwealth posits that Appellant has waived his claim by failing to develop it. Commonwealth's Brief at 23. The Commonwealth also addresses the substance of Appellant's claim by citing cases that demonstrate its lack of merit. **Id.** at 24 (citing, *inter alia*, **Commonwealth v. McCue**, 487 A.2d 880, 885 (Pa. Super. 1985) (rejecting evidentiary challenge in trial for a single count of transfer of child pornography although 37 magazines, two books, five brochures, and 24 films were admitted into evidence, and four of the magazines and 15 to 30 seconds of one film were

shown to the jury in the jury box)).[3] **See also** Pa.R.E. 404(b)(2) (providing that evidence of other crimes or bad acts may be admissible to prove absence of mistake and lack of accident); Trial Court Opinion, 7/8/15, at 4 (finding probative value of evidence did not outweigh "the relative lack of prejudice to [Appellant] who was already being charged with the possession of dozens of graphic images of child pornography).

We agree with the Commonwealth that Appellant's argument is waived as woefully underdeveloped,[4] and, even it were not waived, it is demonstrably without merit. Accordingly, we hold that Appellant has failed to establish his entitlement to relief from this Court on his evidentiary claim.

Turning to the denial of Appellant's motion for a mistrial, we begin with our standard of review.

> A motion for a mistrial is within the discretion of the trial court. [A] mistrial [upon motion of one of the parties] is required only when an incident is of such a nature that its unavoidable effect is to deprive the appellant of a fair and impartial trial. It is within the trial court's discretion to determine whether a defendant was prejudiced by the incident that is the basis of a motion for a mistrial. On appeal, our standard of review is whether the trial court abused that discretion.

---

[3] The Commonwealth in the instant case contends that only the 52 charged images were published to the jury, although all 525 were admitted into evidence. Commonwealth's Brief at 26. Nowhere in his brief does Appellant dispute this contention.

[4] **See, e.g., Commonwealth v. Perez**, 93 A.3d 829, 838 (Pa. 2014) ("[T]o the extent appellant's claims fail to contain developed argument or citation to supporting authorities and the record, they are waived.").

***Commonwealth v. Tejeda***, 834 A.2d 619, 623 (Pa. Super. 2003)

(citations, quotation marks, and footnote omitted).

Appellant again offers a cursory argument based upon a bald assertion

of prejudice:

> When the Commonwealth's expert witness, Agent Matthew Zahm, testified, he acknowledged that he found 525 known images, and that there were "other images." A reasonably prudent person would understand this to mean that there were more than 525 images on [Appellant's] computer. From that statement, it is reasonable for a jury to infer that [Appellant] had a quantity of greater than 525 images of pornographic content on his computer. As the jury was unfairly prejudiced by hearing this evidence, contrary to the court's limiting instruction, the trial court abused its discretion in denying [Appellant's] motion for mistrial.

Appellant's Brief at 19-20 (citation to the trial transcript omitted).

The trial court opined that Agent Zahm's single, "off-hand" reference

to "other images" offered amidst nearly 100 pages of testimony "in which he

outlined his detailed and laborious investigation" was "completely harmless if

not totally insignificant." Trial Court Opinion, 7/8/2015, at 5. Accordingly, it

determined that the reference did not have the unavoidable effect of denying

Appellant a fair trial and denied Appellant's motion for the "extreme remedy"

of a mistrial. ***Id.*** (quoting ***Commonwealth v. Johnson***, 719 A.2d 778, 787

(Pa. Super. 1998) (*en banc*)).

Appellant has pointed to nothing in the record that suggests that this

single, brief comment prevented the jury from impartially deciding the case

against him. Accordingly, we hold that the trial court did not abuse its

discretion in denying his motion for a mistrial. ***See***, ***e.g.***, ***Commonwealth v. Parker***, 957 A.2d 311, 319 (Pa. Super. 2008) ("A sing[le], passing reference to prior criminal activity is usually not sufficient to show that the trial court abused its discretion in denying the defendant's motion for a mistrial.").

Appellant's remaining issues concern the trial court's decisions to allow certain exhibits to go out with the jury during deliberations. We begin with a consideration of the applicable law.

"Upon retiring, the jury may take with it such exhibits as the trial judge deems proper…." Pa.R.Crim.P. 646(A). "Thus, whether an exhibit should be allowed to go out with the jury during deliberation is within the discretion of the trial judge, and such decision will not be overturned absent an abuse of discretion." ***Commonwealth v. Dupre***, 866 A.2d 1089, 1102 (Pa. Super. 2005).

Exhibit 56, offered by the Commonwealth and admitted at trial without objection, is a 177-page printout of all of the files on Appellant's computer that were viewed by computer user "Jason" between June of 2009 and December of 2011. Most of the Uniform Resource Locators (URLs) for the files contain terms which appear to indicate pornography, such as the first entry in the exhibit which includes "preteen," "HOT," "toples" [*sic*], "sexy," and "sensual," Commonwealth's Exhibit 56 at 1; or a later entry which contains the words "Lolitaguy," "Underage," "Preteen," "Child," "Girl,"

"Nude," "Naked," "Posing," and "Stripping," *id.* at 137. During direct examination, Agent Zahm largely discussed the exhibit as a whole rather than examining individual entries. He indicated that the history showed that for years, "people were actively accessing child pornography on this computer." N.T., 10/20-21/2014, at 304.

Commonwealth's Exhibit 58 is a Torrent[5] view report of Appellant's computer. According to Agent Zahm, that five-page document revealed "a bunch of names that are indicative of child pornography." *Id.* at 296. He did not discuss all files listed in the report, but identified some key terms shown therein which are used to search for child pornography on the internet,[6] such as "Hussyfan" "R@ygold, and "PTHC."[7] *Id.*

During deliberations, the jury requested these exhibits, and the trial court granted the request. Appellant claims that, because "much of the report was not placed on the record at trial," Appellant's Brief at 23, 25, Appellant did not have the opportunity to cross-examine Agent Zahm about the contents of the exhibits. Further, Appellant argues that the jury would

---

[5] Agent Zahm explained Torrent as follows: "There are software items out there that we refer to as peer-to-peer, and these peer-to-peer programs share information very very quickly, very efficiently. And what the Torrent is are the chunks of data that are shared between various users." N.T., 10/20-21/2014, at 293.

[6] Agent Zahm indicated that searching a term such as "child pornography" on the internet will yield "a bunch of stories about who got busted for child pornography." N.T., 10/20-21/2014, at 296.

[7] "PTHC" stands for "preteen hard core." *Id.* at 298.

not understand the reports without expert testimony about them. *Id.* at 22, 26. Appellant also claims that allowing these reports to go out with the jury prejudiced him because "he was not the only person with access to the computer."[8] Appellant's Brief at 22, 26.

The trial court offered the following explanation of its decision to allow the jury to have these exhibits although not all of it was addressed in the testimony.

> There was a great deal [of Exhibit 56] that was testified to. What we have here in this internet history report, I would suggest to you, is a snapshot or picture of what is on the computer, and that is why I have given it. It is not like a police report. It doesn't contain opinions. It doesn't contain hearsay, and that's why I've given it.
>
> * * *
>
> [Y]our defense is that he had no idea that this was on here or how it got on here. [Exhibit 58] is a picture of what was on the computer. … How is it prejudicial if your guy's defense is I have no idea? … They've seen pictures that are very offensive. … This isn't going to be any more offensive than what they've seen.

N.T., 10/20-21/2014, at 477-78, 493.

In its opinion, the trial court further notes that Appellant's "counsel examined and cross-examined Agent Zahm almost *ad nauseam* regarding

---

[8] In his apparent challenge to the relevance of the exhibits and whether any probative value is outweighed by prejudice, Appellant is attacking the trial court's decision to admit the reports into evidence in the first place, not its decision to allow the jury to have the exhibits. However, Appellant did not object when the exhibits were offered and admitted into evidence. N.T., 10/20-21/2014, at 376.

the exhibits in question." Trial Court Opinion, 7/8/2015, at 6. "To be sure, they may not have covered every jot and tittle in their questioning, but for [Appellant] to argue that 'much of the content' was not in the record is another example of failing to grasp the context of the case." *Id.*

We discern no abuse of the trial court's discretion. From our review of the record, Agent Zahm offered more than enough description of and information about the records to allow the jurors to understand the import, or lack thereof, of any individual entry, regardless of whether that entry was covered by the testimony. Appellant offers nothing to suggest that having the documents in the jury room would cause them to place undue emphasis on those pieces of evidence.

Additionally, Appellant's defense indeed was that he did not download the pornography, that he did not know how it got there, and that many people used the computer on which contraband was found. N.T., 10/20-21/2014, at 416-17. As such, allowing the jury to peruse the reports to see the files and searches on the computer would not have impacted his defense. If the jury found Appellant credible, it would not matter what the reports indicated.

Finally Appellant argues, with no discussion of relevant authority, that the trial court "compromised [Appellant's] constitutional rights under both the Pennsylvania and United States Constitutions" by sending Exhibit 56 to the jury without first having a hearing. Appellant's Brief at 24.

- 14 -

Not only has Appellant failed to offer a legally-persuasive argument on the issue, but the trial court also correctly notes that it is factually wrong. As quoted in our discussion of the prior issue, the trial court heard Appellant's objection, discussed the matter with counsel, and explained its decision to allow the jury to have the exhibit. N.T., 10/20-21/2014, at 477-78. Appellant had the opportunity to cross-examine the witnesses at trial, object to the evidence proffered by the Commonwealth, and argue against sending the exhibits to the jury. Appellant cites no authority to support the notion that any further hearing was necessary.

For all of the foregoing reasons, Appellant is entitled to no relief from this Court.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/26/2016